UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES ANTONIO D. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-00740 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**FILED AUG 30 2021 Clerk, U.S. District & Bankruptcy Court for the District of Columbia**

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, filed a complaint, Dkt. 1, and application for leave to proceed *in forma pauperis* ("IFP"), Dkt. 2, on March 13, 2020, but did not file a six-month trust accounting, as required by 28 U.S.C. § 1915(a)(2). Another court in this District entered an order, Dkt. 4, on April 14, 2020, directing plaintiff to submit the required financial information within 30 days of issue. Plaintiff has now submitted the required financial information, Dkt. 5, therefore, the court will grant plaintiff's pending IFP application and turn to review the initiating pleading, *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). For reasons explained below, this matter will be dismissed without prejudice.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d

661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The complaint, in its current form, is mostly incomprehensible and devoid as to any information identifying any cognizable claims or causes of action or supporting facts.  Not only are the causes of action equivocal, but the intended defendants are unclear.  The complaint thus fails to provide adequate notice of a claim.  The complaint also fails to set forth allegations with respect to this court's jurisdiction over plaintiff's entitlement to relief or a valid basis for an award of damages.  In fact, the type of relief sought, or any damages sustained, are also indeterminate.  As drafted, the complaint fails to meet the minimum pleading standard set forth in Rule 8(a).

For these reasons, the court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss the complaint.  An order consistent with this memorandum opinion is issued separately.

_____/s/_____
EMMET G. SULLIVAN
United States District Judge

DATE:  August 30, 2021